IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Kissan Lynch, | ) | Civil Action No.: 0:20-cv-03200-JMC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Nanette Barnes, *Warden*, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Kissan Lynch ("Petitioner"), proceeding *pro se*, filed this Petition for Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Magistrate Judge issued a Report and Recommendation concluding that the Petition should be summarily dismissed for lack of subject matter jurisdiction. (ECF No. 8.) For the reasons stated below, the court **ACCEPTS** the Report and **DISMISSES** Petitioner's *Habeas* Petition (ECF No. 1) without prejudice.

**I.     FACTS AND PROCEDURAL HISTORY**

Petitioner pleaded guilty to five federal criminal charges, including being a felon in possession of firearm and ammunition in violation of 18 U.S.C. §§ 922(g) (Count Five). (ECF No. 8 at 1 (citing *United States v. Lynch*, Cr. No. 3:08-cr-00003-TCB-1 (Feb. 9, 2011), ECF No. 491)).) On February 10, 2011, the court entered its judgment sentencing Petitioner to one hundred twenty (120) months of imprisonment as to Count Five, and a total term of imprisonment of two hundred ten (210) months. (*Id.* at 2.) Petitioner timely appealed, and the Eleventh Circuit Court of Appeals affirmed his sentence. (*Lynch*, Cr. No. 3:08-cr-00003-TCB-1, ECF Nos. 492, 540).) Petitioner subsequently filed a motion under 28 U.S.C. § 2255, arguing that under the holding in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), his conviction and sentence should be vacated

1

because the government did not prove he had knowledge of his status as a felon. (*Lynch*, Cr. No. 3:08-cr-00003-TCB-1 (July 31, 2020), ECF No. 694 at 3)).) The sentencing court rejected his arguments after finding, in part, that Petitioner waived his *Rehaif* claim by entering an unconditional guilty plea, such that he could no longer challenge a non-jurisdictional defect[1] in the indictment. (*Id*. at 11-12.) The sentencing court also found that Petitioner's claim was procedurally defaulted and concluded that Petitioner could not demonstrate actual innocence because he had pleaded guilty to all other elements of the crime. (*Id*. at 17-19.) Now, Petitioner reiterates his *Rehaif* challenge in this *habeas* Petition, alleging his conviction is unconstitutional due to the government's failure "to prove the essential elements" of § 922(g)(1). (ECF No. 1 at 4 (citing *Rehaif*, 139 S. Ct. 2129).)

The Magistrate Judge concluded the court lacks subject matter jurisdiction over the Petition. (ECF No. 8 at 3-4.) Specifically, the Magistrate Judge observed that the Petition, which was brought under § 2241, could survive only if Petitioner satisfied the § 2255 savings clause by showing that § 2255 is "inadequate or ineffective to test the legality of his detention." (*Id.* (citing 28 U.S.C. § 2255(e); *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (finding the court lacked jurisdiction over a § 2241 petition outside of the savings clause)).) The Magistrate Judge further outlined the United States Court of Appeals for the Fourth Circuit's test to establish the inadequacy or ineffectiveness of a § 2255 motion for a petitioner who contests his sentence and conviction as follows:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct

---

[1] The court emphasized that in the Eleventh Circuit, "the omission from [the] indictment of an element of the charged offense is a non-jurisdictional defect." (*Lynch*, Cr. No. 3:08-cr-00003-TCB-1 (Feb. 9, 2011), ECF No. 694 at 5 (citing *United States v. Brown*, 752 F.3d 1344, 1347 (11th Cir. 2014))).

2

>   of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

(*Id.* (citing *In re Jones*, 226 F.3d 328, 333-34 (2000); *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018)).)

Ultimately, the Magistrate Judge found Petitioner had failed to show that § 2255 is inadequate to test the legality of his sentence under the second element of the *In re Jones* test, because under the law of the circuit where Petitioner was convicted—the Eleventh Circuit— "the failure to include the *mens rea* element in an indictment for a violation of § 922(g) prior to *Rehaif* is not tantamount to alleging that the charged conduct itself is not criminal." (*Id*. at 4 (citing *United States v. Moore*, 954 F.3d 1322, 1333-36 (11th Cir. 2020); *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019).)  Moreover, under Eleventh Circuit law, Petitioner's actual conduct was not retroactively recharacterized as non-criminal. (*Id*.)  Because Petitioner could not meet the second element of the *In re Jones* test, the Magistrate Judge recommended that his Petition be dismissed for lack of subject matter jurisdiction.

## II.     LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.  The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight.  *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The responsibility to make a final determination remains with the court. *Id.* at 271.  As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made.  *See* 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3).  In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report.  *See Camby v.*

3

*Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also Hardin v. United States*, C/A No. 7:12-cv-0118-GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be carefully examined, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997).

### III.  DISCUSSION

In his Objection to the Magistrate Judge's Report, Petitioner argues that under Fourth Circuit law, *Rehaif* is retroactively applicable to his case and that he is entitled to seek relief under § 2241 because he meets each element of the *In re Jones* test. (ECF No. 13 at 3-4 (citing *United States v. Wheeler*, 886 F.3d 415, 427 (4th Cir. 2018)).) As to the second element in particular, Petitioner contends that in the Fourth Circuit, "*Rehaif* is retroactively applicable to Petitioner[] on collateral review." (*Id*. at 5 (citing *United States v. Gary*, 954 F.3d 194, 200 (4th Cir. 2020), *cert. granted,* 141 S. Ct. 974 (2021), *rev'd sub nom. Greer v. United States*, 141 S. Ct. 2090 (2021).) Petitioner is correct in arguing that *Gary* viewed standalone *Rehaif* errors as structural, requiring an "automatic vacatur of a defendant's guilty plea." *Id*. (internal quotations and marks omitted).

4

Regardless, however, *Gary* is inapplicable here for two reasons: First, since Petitioner was convicted in the Eleventh Circuit, Fourth Circuit law is not directly applicable to Petitioner's claim for relief.  *See, e.g., Eames v. Jones*, 793 F. Supp. 2d 747, 750 (E.D.N.C. 2011) (citing *Chaney v. O'Brien,* No. 7:07-CV-0012, 2007 WL 1189641, at *3 (W.D. Va. Apr. 23, 2007), *aff'd,* 241 F. App'x. 977, 977 (4th Cir.2007) ("[T]he substantive law relevant to a § 2241 petition is that of the circuit in which the petitioner was convicted.").  Second, the Supreme Court recently resolved the circuit split when it held that "the omission of a single element from jury instructions" or a plea colloquy, in the context of *Rehaif*, "is not structural." *Greer v. United States*, 141 S. Ct. 2090, 2100 (2021).  This explicitly overruled the Fourth Circuit's holding to the contrary in *Gary*, 954 F.3d 194, *cert. granted*, 141 S. Ct. 974, *rev'd sub nom. Greer*, 141 S. Ct. 2090.  Petitioner's argument that *Rehaif* constitutes a change in the substantive law which rendered his conduct non-criminal as per the second element of *In re Jones*, is therefore without merit.  Petitioner cannot meet the savings clause of § 2255(e),[2] and is ineligible to file this *habeas* Petition pursuant to § 2241.  Accordingly, the court must accept the Magistrate Judge's recommendation and dismiss the case for lack of subject matter jurisdiction.

## IV.     CONCLUSION

After a thorough review, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 8) and **DISMISSES** without prejudice Petitioner's Petition for Writ of *Habeas Corpus* (ECF No. 1).

### Certificate of Appealability

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

---

[2] Because Petitioner cannot satisfy the second element of *In re Jones*, the court need not consider whether he satisfies the remaining elements.

5

>(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*[signature: J. Michelle Childs]*

United States District Judge

April 11, 2022
Columbia, South Carolina

6